UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCINE PLUNKERT ) | |
| f/k/a Francine Uriarte ) | CIVIL ACTION NO.: |
| ) | 4:13-cv-547 |
| VS. ) | |
| ) | JURY TRIAL DEMANDED |
| GC SERVICES LIMITED ) | |
| PARTNERSHIP ) | UNLAWFUL DEBT |
| DEFENDANT ) | COLLECTION PRACTICES |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. Plaintiff, Francine Plunkert, f/k/a Francine Uriarte, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. seeking a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

### PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this state who is authorized by law to bring this action.

4. Defendant GC SERVICES LIMITED PARTNERSHIP is a limited partnership organized pursuant to the laws of the state of Delaware doing business in the state of Missouri (hereinafter, said Defendant is referred to as "GCS").  GCS's registered agent in the State of Missouri is CT Corporation System, 120 South Central, Clayton, Missouri 63105.

### FACTUAL ALLEGATIONS

5. On or about February 8, 2013, GCS began to contact Plaintiff in an effort to collect on a

delinquent consumer debt originally owed to American Express.  She received a phone call and recorded message from GCS's collector, who identified herself as Karen Moon, on her cell phone on February 8, 2013, and she also received correspondence from GCS at her residential address dated February 8, 2013, a copy of which is attached hereto as Exhibit A.

6. Plaintiff received several subsequent phone calls and voice messages from GCS on her cell phone, and has preserved 8 of the phone messages which were received during the period of time extending from February 8, 2013 and February 25, 2013, including 6 which were received from Feburary 8, 2013 through February 16, 2013.

7. In none of the 8 recorded messages did the GCS representative identify herself as a debt collector attempting to collect a debt, nor did the GCS representative identify herself as an employee or representative of GCS.

8. While in the process of attempting to contact Plaintiff at her residence via correspondence and phone via plaintiff's cell phone, representatives of GCS contacted Plaintiff's father, Jack Plunkert, on his separate residential phone line on the morning of February 18, 2013, and again on March 11, 2013.  The collector who called on March 11, 2013 advised Jack Plunkert that she was Diane Hawkins of GC Services, and that she needed to speak with Plaintiff immediately.  GCS was already in possession of Plaintiff's location information at the time of each contact or attempted contact with Plaintiff's father, Jack Plunkert.

9. While in the process of attempting to contact Plaintiff at her residence via correspondence and phone via plaintiff's cell phone, representatives of GCS contacted Plaintiff's Aunt, Kathy Plunkert, on her separate residential phone line on the morning of February 19, 2013.  The collector advised Kathy Plunkert that she was Karen Moon of GC Services, and that she needed to speak with Plaintiff immediately, and that she had left plaintiff several messages but had not received

a return call.  GCS was already in possession of Plaintiff's location information at the time of each contact or attempted contact with Plaintiff's aunt, Kathy Plunkert.

10.     All of Defendant GC Services Inc.'s collection actions at issue in this matter occurred within one year of the date of this Complaint.

## COUNT I
## Violations Of § 1692b and § 1692c(b) Of the FDCPA
## Improper Third Party Contacts

11.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

12.     Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with any other person, including a consumer's relatives, without the prior consent of the consumer. No such consent was provided.

13.     Section 1692b(3) of the FDCPA provides a very limited exception to the no contact rule contained in §1692c(b). That exception involves acquiring location information about the consumer.

14.     At the time of the communications and contacts with Plaintiff's father, Jack Plunkert, and her aunt, Kathy Plunkert, Defendant GCS was already in possession of Plaintiff's home address and cellular phone number, as evidenced by the fact that its collectors had contacted Plaintiff on numerous occasions in the days prior to the attempts to communicate with Plaintiff's father and Plaintiff's Aunt.

15.     Though a debt collector's search for information concerning the consumer's location is expressly excepted from the ban on third party contacts as set forth in §1692c(b), a debt collector may not contact third parties under the pretense of gaining information already in its possession.  See Federal Trade Commission Staff Commentary § 805(b)(2).

16.     In addition, a debt collector, in attempting to acquire location information, cannot

disclose in any communication with the third party that he or she is a debt collector or that the communication relates to the collection of a debt. See 15 U.S.C. § 1692b(5).

17. Defendant GCS violated §§ 1692b(2) and 1692b(5) when its collectors advised both Plaintiff's father and Plaintiff's Aunt that they were with GC Services and that they were calling about important personal business regarding Plaintiff. The calls were extremely abusive in nature, as they were designed to embarrass, harrass and humiliated Plaintiff, and the result was that Plaintiff's suffered signicant anxiety, stress and embarrassment.

18. GCS violated §§1692c(b) and 1692b of the FDCPA since Plaintiff did not consent to the contacts with her father or her aunt, and given the fact that GCS was already in possession of Plaintiff's location information, it did not legitimately need to acquire location information from either Plaintiff's father or her aunt.

19. Defendant GCS's violations §§ 1692c(b) and 1692b of the FDCPA render it liable for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT III
### Violations Of §§ 1692d(6) & 1692e(11) Of the FDCPA
### Failure to Provide Required Disclosures

20. Section 1692e(11) of the FDCPA requires debt collectors in subsequent communications to consumers to disclose that the communication is from a debt collector in an attempt to collect a debt.

21. Section 1692d(6) of the FDCPA requires debt collectors placing phone calls with consumers to provide meaningful disclosure of the debt collector's identity.

22. Defendant's collectors left eight messages on Plaintiff's cell phone voice mail between February 8, 2013 and February 25, 2013 in an effort to collect on a delinquent consumer debt.

23. Defendant's collectors failed to state that the call was from a debt collector in an attempt to collect a debt in all the calls in violation of § 1692e(11) of the FDCPA.

24. Defendant's collectors failed to identify GC Services, Inc. as the entity leaving the message in all of the messages in violation of § 1692d(6) of the FDCPA.

25. Defendant's violations of Sections 1692e(11) and 1692d(6) of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages purssuant to 15 U.S.C. § 1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Francine Plunkert
**Francine Plunkert**

Respectfully submitted,

HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:   (636) 536-5175
Fax:         (636) 590-2882
Email:       bob@healeylawllc.com
Counsel for Plaintiff